## PATTERSON VS. BALL.

Where one makes a note and mortgage running to a railroad company, and delivers them to the secretary of the company, this is a delivery to the company.

Where the maker of such a note and mortgage was in possession of a written agreement, executed and delivered to him by the railroad company at the time of the execution of the note and mortgage, and which recited that said note and mortgage were received in payment of a certain number of shares of capital stock of the company, &c.; *Held*, that this was strong if not conclusive evidence of the delivery of the note and mortgage to the company.

A party who, after the evidence is all in, and before either party has argued the cause to the court and jury, requests the judge to reduce his charge to writing before giving it to the jury, is entitled to have the charge so reduced to writing, under sec. 12, ch. 132, R. S.; and a rule of court which declares that unless such request shall be made at or before the commencement of the trial, it shall be deemed to have been waived, cannot be sustained.

APPEAL from the Circuit Court for *Walworth* County.

This was an action to recover damages from defendant for converting to his own use and delivering to the Milwaukee and Beloit Railroad Company, a note and mortgage executed by the plaintiff at the request of defendant (who was a stockholder in said company), running to the company as payee and mortgagee, but which the complaint alleges was delivered to defendant in pursuance of an agreement that he would safely keep and hold the same as an escrow, and would not deliver them to said company, except upon condition that, nor until, it should complete its road from Milwaukee to the village of East Troy. It is alleged further that this condition was never fulfilled, and that after the defendant wrongfully delivered said note and mortgage to the company, they were sold and assigned for a valuable consideration to an innocent purchaser, so that plaintiff became liable to pay, and had in fact paid the amount of said note, &c. Answer, a general denial.

After the plaintiff's evidence was all in, defendant moved for a nonsuit, which was refused. After the evidence of both parties was in, and before the counsel for either party had commenced the argument, defendant requested the judge to reduce his charge to the jury to writing, and at the same time

passed up to him certain specific instructions in writing, which he said he should request to have given. The judge remarked that by the rules of the first circuit such request must be made at or before the commencement of the trial, but that he designed to write out the substance of his charge to the jury because he preferred to do so. Afterwards he gave the written instructions asked by defendant, stating orally that they were given subject to what he should say in his written charge, and thereupon read to them his general charge in writing. To this he added an instruction which he stated orally, and immediately reduced to writing. Verdict and judgment for plaintiff; motion for a new trial denied; and judgment upon the verdict; from which the defendant appealed.

*Finches, Lynde and Miller*, for appellant.

*I. P. Walker*, for respondent, contended, among other things, that the rule of the first circuit, that unless the request that the judge reduce his charge to writing " be made at or before the commencement of the trial, it shall be deemed to have been waived,", was not in conflict with section 12, ch. 132, R. S., but was such a rule as the judge was authorized to establish under the general authority to make rules for " the trial and conducting of business," conferred by sec. 2, ch. 119, R. S.

*By the Court*, DOWNER, J. The motion for a nonsuit should have been granted. The plaintiff in his complaint alleges that he executed the note and mortgage therein described, and " delivered the same to said defendant, to be by him safely kept and held as an escrow, to be delivered to said company only upon the fulfillment of the condition aforesaid." This allegation of *delivery to the defendant* was material; and as it appears to us, the plaintiff entirely failed to prove it. The plaintiff testified that he delivered the note and mortgage either to *Ball* or Babcock, he could not say which. Babcock was the secretary of the railroad company to which the note

and mortgage were given, or made payable, and a delivery to him would be a delivery to the company.   On his cross-examination the plaintiff produced an agreement between him and the railroad company, which he testified was executed and delivered at the same time the note and mortgage were executed, in which it is recited, *inter alia,* that the note and mortgage had been received in payment of twenty shares of the capital stock of the company.   This was very strong if not conclusive evidence of the delivery of the note and mortgage to the company.   It is therefore obvious that the plaintiff failed to prove the delivery to *Ball.*   If we take into consideration all the testimony of both parties, we still find no evidence of delivery to *Ball;* and the jury should have been instructed to find for the defendant.

The circuit court also erred in refusing to reduce its charge to the jury to writing.   Section 12, ch. 132, R. S., provides that " Whenever, on the trial of any cause in the circuit court, either party shall request it, the judge presiding in such court shall reduce his charge to the jury to writing, before giving the same to the jury; and if any such judge shall give any charge to the jury on the trial of any cause, when so requested, without the same being in writing, it shall be sufficient cause for reversing, on appeal or error to the supreme court, the judgment which may be rendered therein."

After the evidence was all in, and before the counsel for either party had begun to argue the cause to the court or jury, the defendant's counsel requested the judge to reduce his charge to the jury to writing.   The judge did not comply with this request, but gave a part of his charge without its being reduced to writing.   The circuit judge of the first circuit has adopted a rule that such request must be made at or before the commencement of the trial; and it is claimed that this rule is reasonable and does not conflict with the statute. In courts of record instructions are ordinarily presented to the court after the evidence is in and before summing up the

cause to the jury, and frequently just before the court charges the jury. Until the testimony is closed, the judge could not well begin to reduce his charge to writing; for his charge is presumed to be based upon the evidence in the case. Up to this point of time, counsel may not know that it is desirable to have the instructions reduced to writing. In plain and simple cases the request would not ordinarily be made. But where there is a conflict of testimony, or doubtful questions of law arise upon it, it is often very important that the exact instructions given should be preserved. There is frequently great difficulty in embodying in bills of exceptions oral charges. Opposing counsel understand the charge differently, and the judge is not always able to recollect exactly his own expressions. To avoid this difficulty and uncertainty the statute was enacted, and should be so construed as to give the desired remedy. We have been referred to several decisions of the supreme court of the state of Indiana, made under a similar statute. They are to the effect that the statute must be so construed as to require the party who desires a written charge to notify the court a reasonable time before it may be called on to charge the jury, of his desire that such charge be in writing. The request in this case, made immediately after the testimony was all in, must be regarded as in time. It was the earliest moment that it could be of any practical advantage to the judge to know of this request. It would be unreasonable to require it to be made sooner. The rule requiring it to be made at or before the commencement of the trial is therefore in conflict with the statute, and void.

The judgment of the circuit court is reversed, with costs' and a *venire de novo* awarded.

DIXON, C. J. dissents from the first point in this opinion.